

| | |
|---|---|
| William Stephen Lush, II ) | United States District Court |
| ) | Northern District of Illinois |
| v. ) | |
| ) | 1:10-cv-04711 |
| ) | Judge James B. Zagel |
| Leonard B. Mandell and Northern ) | Magistrate Judge Nan R. Nolan |
| Illinois University ) | |

**COMPLAINT**

RECEIVED
JUL 28 2010
JUL 28 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

1. Defendants, together and separately, deny accommodation to Plaintiff William Stephen Lush, II, who is disabled, and as he sought help with his disability and was denied help, was refused.

2. Northern Illinois University, in its capacity as a health care provider, was unable to treat symptoms and by thus Plaintiff did not pass courses in school.

3. Northern Illinois University, which Plaintiff avers was notified before, during and after his attendance in the fall of 2003, was treated differently due to his disability and this treatment was negative, that of having a stigma.

4. Upon being treated differently, help was sought from the state's Medicaid program, local county courts, various and numerous teachers,

including the dean, assistant dean, librarian, a faculty member purporting to help students, campus disability resources, the school's chief counsel, and did so in a continuous fashion since.

5. Plaintiff was indeed misled by instructors. No allegation of educational malpractice is possible or made, yet it was the school's choice to treat him in a negative fashion or otherwise unaccommodating mode while he was not being properly treated by the school's health services.

6. Defendants sought to act only to collect tuition in the second semester, as at that point the whole university was on notice that Plaintiff had a problem, thereby Northern Illinois University violated American Bar Association standards to inculcate false hope of completing school by the denial of Plaintiff any accommodation thereby causing him to be unwelcome at the school.

7. Leonard B. Mandell is the state official that refused Plaintiff's petition to continue school, and he made such refusal without due consideration of his request to continue school for when Plaintiff was suffering from a particularly sever period of illness.

8. This complaint is the result of a summary judgment that was made without a single hearing by the Illinois Court Of Claims after four years of deliberation. This court is located in the building located at 100 West Randolph Street, Room 10-400 in Chicago, Illinois.

## JURISDICTION

*Doe v. Bd. Of Trustees of the University of Illinois, et al.*, 429 Fed. Supp. 2d 930 (N.D. Illinois 2006)'s ruling provides that federal courts, such as the district court this case comes from, has more than sufficient jurisdiction to hear this case, and it should be taken that this complaint is an appeal from the Court Of Claims, which made a ruling in violate of federal law, and there is no avenue for appeal within the state as long as this case is binding.

The school is a sovereign and could be interpreted as having immunity as guaranteed under the Eleventh Amendment. *Ex parte Edward T. Young, Petitioner*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 1908 U.S. LEXIS 1726 (1908) gives the federal court power to hear the case to uphold the law under the Americans with Disabilities Act, the Equal Protection Clause of the Fourteenth Amendment.

## PRAYER FOR RELIEF

The Illinois Court Of Claims, now with the Defendants Leonard B. Mandell and Northern Illinois University, have ordered the disregarding of the *Doe* opinion and Plaintiff *pro se* prays for relief in the form of specific performance. Expungement of all relevant records to his name at Northern Illinois University, located within this District Court's jurisdiction at Registration and Records, 1425 West Lincoln Highway, Williston 220, DeKalb, Illinois 60115. If this is not the correct remedy, relief by the courts in alternative is welcomed, but Plaintiff does not offer any alternatives as he does not know what else to offer, except to suggest alternative dispute resolution. Reimbursement of tuition is improper under *Young*. Plaintiff demands a trial by jury if trial is to be had.

_____
William Stephen Lush, II
6418 University Avenue
Apartment 1E
Middleton, Wisconsin 53562-3487
(608) 833-2894
st_lush@yahoo.com

|  |  |  |
|---|---|---|
| **William Stephen Lush, II** | ) | **United States District Court** |
|  | ) | **Northern District of Illinois** |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| **Leonard B. Mandell and Northern Illinois University** | ) |  |

## AFFIDAVIT IN SUPPORT OF PLAINTIFF'S COMPLAINT

As William Stephen Lush, II, the Plaintiff, is representing himself and cannot devise questions, the following is proffered as sworn testimony as to the events between he and the Defendants:

After being denied admission to every school I applied to I disclosed I suffered from paranoid schizophrenia to Northern Illinois University College Of Law. I was admitted, applied for a grant through the dean, and was denied additional financial aid in addition to student loans. I moved to Illinois in August of 2003.

In the early days of my attendance I mentioned I had sued McDonald's, the cause of which was their false report to police and subsequent involuntary commitment in Bloomington Hospital.

I experienced personal problems with instructors in my first semester. My torts teacher passed out a case for students to read which I did not receive. I had to go to his office after class to receive a copy. My legal research teacher required frequent homework assignments and in the course of completing one, I found errors so I left a detailed description of them on her desk; I did not receive a response from this. I asked my contracts teacher if I could make an appointment to see him after class and when going I went to his office at the time agreed upon I could not find him.

All the while I was experiencing heavy daily symptoms of schizophrenia. This made every night, every time I wanted to go to sleep in my first semester, I could not. I did not know if what I was feeling was voices or just the stress of the day taking its toll. I first sought help from the health services center on campus. The prescribed medications failed to work. Counseling itself was ineffective. I was a danger to myself and others if I drove. The only remedy I found was in scotch whisky which I drank simply to black out instead of experiencing the hell I lived in.

My ability to function unraveling, I failed two courses in my first semester, Torts and Legal Writing. I did not have an acceptable average. I had become romantically involved with another student at the time so I felt a little better.

Faced with the prospect of being out on the streets I decided to continue school with a course load reduction in my second semester. This was agreed to by Leonard Mandell, whom seemed confident in my abilities based on my past LSAT score, even though I took the LSAT long before I developed schizophrenia. I was also forced to take out a private student loan to cover expenses, which required a cosigner. I asked and received my father's signature.

After several months of improved conditions, as a result of either the course load reduction or my love interest, I decided to do what I could for myself based on my fading disability. I went to many, if not all of my teachers and asked for accommodations. None of them seemed able or willing to do anything. Then, I went to the accommodations center on campus, where they were supposed to support people's ability to take tests. I was told that I did not come soon enough, and was refused any additional help that I could have been given. This could have been additional exam time, an audio version of the test, a separate room from which to test in or even ear plugs provided by the school. I left a detailed letter about what had gone on with my Criminal Law professor, but like the one I left for my Legal Research teacher, this went ignored.

The only thing I could think of to save my flailing legal career was to submit documentation for a "medical withdrawal". I sent to whoever required proof of a medical problem two requests for medical records from my psychiatrist in Bloomington, Indiana and Dr. Kraft at Northern Illinois University's health center. I took the final exams and did much better, but I did not get a negative or positive answer for my medical withdrawal. The request was specifically for two classes in the first semester that I failed, that I felt I would not have failed if not for paranoid schizophrenia. If it makes a difference, I did not care if the request was for all grades or just some, I simply wanted a grade point average high enough to continue school. What was fair or just was not known to me – I assumed I would hear from the school.

That was May 2004. Because I did not hear from the school, and because nothing in my past communications with the school led me to believe I would ever hear from the school, I confronted Leonard Mandell as the person with the power to help me. I was referred to him by the dean. Leonard Mandell as I know him is the second highest person in authority at Northern Illinois University College Of Law. If he did not have the authority to directly affect the process, he had a position from which he could assist me in doing something about it.

He did absolutely nothing. I was ordered from his office, no reason, and because it was the end of the school year all I could do was move out of my dormitory and wait for my second semester's grades. I received word from the dean months later that I was not in good standing, again other than the classes themselves and their ability to judge who the best students are, no reason given.

When I was in the midst of my academic year, aside from studying, I was still submitting filings for my lawsuit against McDonald's and looking for a job. If I did not get a job I was threatened with the prospect of not having a place to live, anything or to eat. I would have taken summer school law classes if I was offered the opportunity. I was not even offered the opportunity of taking a sabbatical at the end of the first semester, it was just assumed that I did not possess the academic ability to be a lawyer. A bachelor's degree was all that was required to go to law school. I had a bachelor's degree, therefore I possessed the academic ability to complete law school.

I understand not everyone who starts law school graduates, but I attempted to stop the problem I was having while attending at every step of the way. I applied for Medicaid, which was turned down in Illinois even though I had qualified in Indiana (which I believe was a denial of my constitutional right to travel under *Saenz v. Roe*), I waived student medical insurance to help save all the money I could for going to law school, I looked into possibly resolving the matter quickly in the county court but decided not to when I was not waived a filing fee, I asked the Ombudsman for the school what I should do and he suggested not using the courts, so I sought help on the far side of campus about whatever possible antidiscrimination actions I could take, when I asked for help with an assignment from my Legal Writing teacher, she suggested I go to a clinic on campus that did not cater to law students, I went to the dean's picnic, a school meeting about university finances, a Hispanic Law Student assembly, I studied religiously, making sure I attempted to learn from every page that was assigned, and I even attended the after finals gathering at a local bar to compare with others' experience.

After I was turned out of school, I filed a complaint with the American Bar Association which they would not return a receipt for even though in their own words they were required to. I enlisted the help of the Office for Civil Rights in the Department of Education and they denied my claim as I did not submit "further" documentation in a timely manner. I attempted law school again through correspondence and did reasonably better. I filed a claim with the Court Of Claims but was initially denied because the $35 check I submitted bounced. I later provided the filing fee. The outcome was not given until over four years later. No explanation for this delay was given.

It seems to me that I could give further personal accounts of what happened, where and with whom, but there is a lack of interest in the matter even though it affects me a great deal. I am left to my own devices, and am forced to come up with my own conclusion as to why anything like this happens.

If a person goes to law school and suffers from a recognized mental illness that disables, and no one else is known of that suffers a mental illness on a day-to-day

basis, yet this person is singled out and unaccommodated in any and every way known to him or her, then that person is discriminated against and this denies them "equal justice for all".

*W. Stephen Lush*
William Stephen Lush, II
6418 University Avenue
Apartment 1E
Middleton, Wisconsin 53562-3487

July 2, 2010

[Notary Seal: KYLE CHRISTIAN, NOTARY PUBLIC, STATE OF WISCONSIN]

County of Dane
7-2-2010
Commission Expires 11-18-2012

*Kyle Christian*