# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4711 | **DATE** | December 14, 2010 |
| **CASE TITLE** | LUSH v. MANDELL, et al. | | |

**DOCKET ENTRY TEXT:**

The complaint and amended complaint are dismissed, with prejudice, on grounds of futility.

## STATEMENT

Having granted leave to file without prepayment of the filing fee, (I allowed filing upon payment of $105) I now dismiss the complaint on the grounds that it offers no chance of success. *See* 28 U.S.C. § 1915(e). I am treating the draft amendment of his complaint sent to me along with a letter as a filed complaint, and I have had the new complaint (though not the letter) docketed as an amended complaint. It is true that Plaintiff sent this as a draft and asked whether the amendment repairs the shortcoming I had indicated might present a problem in the first complaint. I cannot answer that question directly, because I am barred from giving legal advice, but my ruling here will make my views clear. In reaching this conclusion, I have considered the complaint as consisting of both the original and the amended document.

The events of which Plaintiff complains occurred in 2004. He alleges that any statute of limitations is equitably tolled because he states that "he has been mentally incompetent since the summer of 2002 sometime after witnessing the events of September 11, 2001, and has been plagued with voices." That he suffered from serious psychological conditions for which he received formal medical treatment and prescribed medications is an allegation which I assume to be true. But the existence of mental illness is not synonymous with mental incompetence. "[M]ental illness tolls a statute of limitation only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (discussing equitable tolling) (emphasis in original).

Several facts plead by Plaintiff demonstrate that he was, in fact, competent to manage his affairs notwithstanding his illness. He was admitted to law school – the law school is one defendant – and he claims "vast improvement in all classes between the first and second semester." I can only infer from this that not only was plaintiff capable of "understanding his legal rights," in the sense of a lay person generally

comprehending the law, he was in fact studying the law as a law student. *Id.* Indeed his claim is based not on mental incompetence but upon the need for accommodation for a mental disability, i.e. a course load reduction and additional faculty assistance. Further, he pursued remedies in the correct forum in March 2006 by filing for relief in the Illinois Court of Claims. His suit there was for tuition reimbursement. He also sought administrative relief for the stated denial of accommodation and did so in an appropriate forum. None of this bespeaks mental incompetence. Moreover, by 2004, Plaintiff was in U.S. Navy training and was not discharged until 2006. His naval service during that period is not consistent with his claim of mental incompetence. Finally, while it is true that some parts of the complaint are muddled, his pleading does not evince mental incompetence,

In this amended complaint, plaintiff offers a new claim, that of breach of contract against both the University and the Associate Dean (the other defendant) for failing to provide an education as "illustrated in the Americans with Disabilities Act, College of Law and university catalogs, student handbook, and.....the American Bar Association Standards for law schools." His theory is that the defendants accepted his tuition in exchange for providing him an education. The theory is apparently contradicted by his further allegation that the contract was voidable because of his mental incompetency. But, if the contract is voidable by Plaintiff, then it is void with respect to the defendants as well, and he cannot collect on it. In the end, he wants two separate remedies; one is the nullification of his academic record because it does not properly reflect his academic abilities, but only his inability to do better due to mental illness. The other remedy is return of his tuition. (He does not seek reimbursement of housing and meal costs since he did consume those goods.)

The fatal flaws in the complaint are four:

1. The statute of limitations for public disability accommodation claims is two years. *See Untermeyer v. College of Lake County*, 284 Fed. App'x 328, 330 n. 1 (7th Cir. 2008). That statute began running in 2004 and there is no reasonable chance that the plaintiff can establish mental incompetency (as opposed to mental illness) for any period from 2004 to 2010.

2. The statute of limitations for contracts is not the ten years that Plaintiff cites. Illinois law allows a ten-year period for suits on written contracts but construes the meaning of written contract in a very narrow way. *Toth v. Mansell*, 566 N.E.2d 730 (Ill. App. Ct. 1990). All the terms have to be express, and Plaintiff has not bothered to attach the contract on which he would claim a ten-year limit. He could argue that there is an oral contract whose terms, while not complete, do include some clauses expressly dealing with return of tuition and nullification of academic records. There is nothing in the pleading which suggests this, but I assume, for purposes of this ruling, that there are such provisions. Enforcement of such clauses (whether express of implied) has a shorter period of limitations, five years. 735 Ill. Comp. Stat. 5/13-205. Here, too, there is nothing to establish mental incompetency from 2004 to 2010.

3. There is no federal law which accords a student a right to nullify an academic record which simply lists grades. If there were it would not apply to a case in which the accuracy of the record is not challenged, rather the plaintiff wants nullification because he is concerned that a reader might infer that he was a poor student rather than a mentally disabled student. The academic record apparently does not offer any explanation for the academic performance but simply lists his grades.

4. The claim for a refund from the University for the decisions of the Dean is against the State of Illinois, which Plaintiff has always understood. Such claims can be brought only in the Court of Claims, not in this federal court. This is why Plaintiff filed such a claim, but it was lost. Even if it were not untimely, it cannot be retried here.